United States Bankruptcy Court
Eastern District of Virginia
Alexandria Division

In re:

**Martha Lucia Tabares,**     Case No. 14-14476-BFK

Debtor.     Chapter 11

DEBTOR'S AMENDED PLAN OF REORGANIZATION
(November 20, 2015)

Martha Lucia Tabares, the Debtor and Debtor-in-possession, proposes the following Reorganization pursuant to 11 U.S.C. § 1121(c):

ARTICLE I

DEFINITIONS

In this Plan:

1.1.    Allowed Administrative Expense(s) or Claim(s) means all administrative expenses allowed under section 503(b) of the Code.

1.2.    Allowed Claim(s) means a Claim: (a) if no objection to the allowance of the Claim is interposed within any applicable period of limitation fixed by Rule or an order of the Court: (i) in the amount for which a proof of claim has been filed with the Court within the applicable period of limitation fixed by Rule 3003 or an Order of the Court, or (ii) in the amount scheduled in the list of creditors prepared and filed with the Court pursuant to Rule 1007(b), as such may be amended pursuant to Rule 1009 prior to the Confirmation Date, and not listed as disputed, contingent or unliquidated as to amount; or (b) if an objection to the allowance of the Claim is interposed within the applicable period of limitation fixed by Rule or order of the Court, in an amount determined by the Court by a final order allowing such Claim.

1.3.    Allowed Priority Claim(s) means any Allowed Claim entitled to priority of payment under sections 507(a)(3) through 507(a)(7) of the Code.

1.4. <u>Allowed Secured Claim(s)</u> means an Allowed Claim secured by a valid lien, security interest or other charge against or interest in property in which the Debtor has an interest, or which is subject to setoff under section 553 of the Code, to the extent the value (determined in accordance with section 506(a) of the Code) of the interest of the holder of such Allowed Claim in the Debtor's interest in such property or to the extent of the amount subject to setoff, as the case may be. That portion of such Allowed Claim exceeding the value of security held therefore will be an Allowed Unsecured Claim, except as modified by this Plan.

1.5. <u>Allowed Tax Claim(s)</u> means any Allowed Claim entitled to priority of payment under section 507(a)(8) of the Code.

1.6. <u>Allowed Unsecured Claim(s)</u> means an Allowed Claim against the Debtor which is not an Allowed Administrative Expense, Allowed Priority Claim or Allowed Secured Claim.

1.7. <u>Birch Bay Property</u> means the real property of this estate owned by the Debtor located on 8974 Birch Bay Circle, Lorton, Virginia 22079.

1.8. <u>Chapter 11</u> means Chapter 11 of the Code.

1.9. <u>Claim(s)</u> means any right to payment or right to an equitable remedy for breach of performance if such breach gives rise to a right to payment against the Debtor or property of the Debtor in existence on or as of the Petition Date, whether or not such right to payment or right to an equitable remedy is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

1.10. <u>Claimant</u> means a Person holding a Claim against the Debtor.

1.11. <u>Class(es)</u> means any Class into which an Allowed Claim or Allowed Interest is classified pursuant to Article II hereof.

1.12. <u>Code</u> means the United States Bankruptcy Code, 11 U.S.C §§ 101 <u>et</u> <u>seq.</u>, and any amendments thereof.

1.13. <u>Confirmation or Confirmation Date</u> means the date upon which the Order of Confirmation is entered by the Court.

2

1.14. Court means (a) the United States Bankruptcy Court for the Eastern District of Virginia, in which this Reorganization Case, pursuant to which this Plan is proposed, is pending; (b) any Court having competent jurisdiction to hear appeals or certiorari proceedings therefrom; or (c) any successor thereof that may be established by any Act of Congress relating to bankruptcy or the United States District Court for the Eastern District of Virginia, to the extent that the United States District Court for the Eastern District of Virginia may lawfully exercise subject matter jurisdiction over the Reorganization Case.

1.15. Debtor means Martha Lucia Tabares.

1.16. Effective Date means the later of (a) thirty days following the date the Order of Confirmation becomes final and any appeal had been resolved or the time for appeal, including any extension available for excusable neglect under Rule 8002(c) has expired or (b) the date any Court order staying or otherwise precluding execution of this Plan or any part hereof has been nullified, vacated, modified or appealed, and any further appeals have been resolved or the time for any further appeal has expired.  If such day falls on a Saturday or Sunday or legal holiday, the Effective Date will mean the first business day thereafter.

1.17. Executory Contract(s) means all contracts, including unexpired leases, to which the Debtor is a party and which are executory within the meaning of section 365 of the Code.

1.18. Interest Rate means a rate two (2) points above the prime rate of interest announced by the *Wall Street Journal* on the Confirmation Date.

1.19. Kimble Court Property means the real property of this estate owned by the Debtor located on 5926 Kimble Court, Falls Church, Virginia 22041.

1.20. Massanutten Timeshare means the Debtor's timeshare interest in the Massanutten Resort.

1.21. Order of Confirmation means the order entered by the Court confirming this Plan in accordance with the provisions of Chapter 11.

1.22. Person(s) means an individual, corporation, partnership, joint venture, trust, estate, unincorporated organization or government or any agency or political subdivision thereof.

3

1.23. <u>Petition Date</u> means December 3, 2014, the date on which the Debtor filed her Chapter 11 petition with the Court.

1.24. <u>Pickett Street Property</u> means the real property of this estate owned by the Debtor located on 1013 Pickett Street, Fredericksburg, Virginia 22401.

1.25. <u>Plan</u> means this Plan of Reorganization.

1.26. <u>Professional(s)</u> means all attorneys, accountants, appraisers, consultants and other professionals retained under an order of the Court on behalf of the Debtor or any committee appointed pursuant to 11 U.S.C. § 1102.

1.27. <u>Reorganization Case</u> means Case No. 14-14476 in the Court.

1.28. <u>Rule(s)</u> means the Federal Rules of Bankruptcy Procedure, as amended and supplemented by any local bankruptcy rules adopted by the Court.

1.29. <u>Summer Bay Timeshare</u> means the Debtor's timeshare interest in the Summer Bay Resort.

ARTICLE II

CLASSIFICATION OF CLAIMS AND INTERESTS

2.1. <u>Class 1 Claims</u>. Allowed Administrative Expenses of the Debtor's Reorganization Case allowed pursuant to section 503(b) of the Code. Class 1 Claims are not impaired.

2.2. <u>Class 2 Claims</u>. Allowed Claims entitled to priority pursuant to section 507(a)(3) through (a)(7) of the Code. Class 2 Claims, if any should exist on the Confirmation Date, are not impaired.

2.3. <u>Class 3 Claims</u>. Allowed Tax Claims entitled to priority pursuant to section 507(a)(8) of the Code.

2.4. <u>Class 4 Claim</u>. The Allowed Secured claim held by Rushmore Loan Management Services LLC ("Rushmore") against the Debtor secured by the Birch Bay Property. The Class 4 Claim is unimpaired.

2.5. <u>Class 5 Claim</u>. The Allowed Secured claim held by Nationstar Mortgage LLC secured by the Pickett Street Property. The Class 5 Claim is impaired.

2.6. <u>Class 6 Claim</u>. The Allowed Secured claim held by The Village of Idlewild Homeowners Association, Inc. ("Idlewild") against the Debtor secured by the Pickett Street Property. The Class 6 Claim is impaired

2.7. <u>Class 7 Claim</u>. The Allowed Secured claim held by Wells Fargo Bank, N.A. against the Debtor secured by a first priority deed of trust in the Kimble Court Property. The Class 7 Claim is impaired.

2.8. <u>Class 8 Claim</u>. The Allowed Secured claim held by Wells Fargo Bank, N.A. against the Debtor secured by a second priority deed of trust in the Kimble Court Property. The Class 8 Claim is impaired.

2.9. <u>Class 9 Claim</u>. The Allowed Secured claim held by Great Eastern Resort Corporation against the Debtor secured by the Massanutten Timeshare. The Class 9 Claim is impaired.

2.10. <u>Class 10 Claim</u>. The Allowed Secured claim held by Summer Bay Resorts against the Debtor secured by the Summer Bay Timeshare. The Class 10 Claim is unimpaired.

2.11. <u>Class 11 Claims</u>. All Allowed Unsecured Claims not treated elsewhere in this Plan. The Class 11 Claims are impaired.

2.12. <u>Class 12 Interests</u>. The interest of the Debtor in her property. The Class 12 Interest is unimpaired.

## ARTICLE III

## TREATMENT OF CLAIMS AND INTERESTS

If the Debtor does not obtain the consent of all impaired classes of creditors, the Debtor intends to rely on the provisions of section 1129(b) of the Code.

3.1.    Class 1 Claims. Unless the holders of such Expenses agree otherwise, all Allowed Administrative Expenses will be paid in full thirty days after the Effective Date, unless otherwise agreed upon by the Person claiming such expense and the Debtor; provided, however, that (a) Administrative Expenses incurred in the ordinary course of business will be paid in the ordinary course of business, and (b) Professionals are required to apply to the Court for approval of their fees, costs, and disbursements. All such applications will be filed no later than twenty days following the Confirmation Date. The fees, costs and disbursements of Professionals approved by the Court will be paid in full on the later of thirty (30) days after the Effective Date or ten days after the entry of an order allowing such payment. Any Professional also may apply to the Court for an interim allowance of fees, costs and disbursements at any time prior to payment in full. Interim fee allowances before the Effective Date may be paid within ten (10) days from the entry of an order allowing such payment.

3.2.    Class 2 Claims. The holders of Class 2 Claims, unless they agree otherwise, will be paid in full thirty (30) days after the Effective Date.

3.3.    Class 3 Claims. Holders of Class 3 Claims, unless they agree otherwise, will be paid in full by the Debtor making a stream of payments in conformity with Section 1129(a)(9)(C) of the Code.

3.4.    Class 4 Claim. The Allowed Secured claim held by Rushmore against the Debtor secured by the Birch Bay Property. Rushmore will retain its lien in the Birch Bay Property. The Debtor will continue to make the normal monthly payments that arise pursuant to the contract(s) that give rise to the Class 4 Claim. Accordingly, the Class 4 claim is unimpaired.

3.5.    Class 5 Claim. The Allowed Secured claim held by Nationstar against the Debtor secured by the Pickett Street Property. Nationstar will retain its lien in the Pickett Street Property. On or before the hearing to consider confirmation of this plan the Debtor will request that the Court establish a value for the Pickett Street Property in order to determine the amount of the Class 5 Allowed Secured Claim pursuant to Section 506(a) of the Bankruptcy Code. The

6

Debtor will repay the Class 5 claim by making a stream of payments to the holder of the Class 5 claim fully amortized over the term set forth below, as follows:

- Term: 360 months, beginning on the first day of the first full month after the effective date;
- Principal Balance: To be determined by the Court
- Interest rate: 4% per annum

To the extent that the Class 5 Allowed Secured Claim is less than the total amount of the claim asserted by Nationstar, the unsecured portion of the Total Nationstar Claim will be included in Class 11 under this Plan and treated as a general unsecured claim. The Class 5 Claim is impaired.

    3.6.    Class 6 Claim. The Allowed Secured claim held by Idlewild against the Debtor secured by the Pickett Street Property. On or before the hearing to consider confirmation of this plan the Debtor will request that the Court establish a value for the Pickett Street Property in order to determine the amount of the Class 6 Allowed Secured Claim pursuant to Section 506(a) of the Bankruptcy Code. The Debtor will repay the Class 6 claim by making a stream of payments to the holder of the Class 6 claim fully amortized over the term set forth below, as follows:

- Term: 360 months, beginning on the first day of the first full month after the effective date;
- Principal Balance: To be determined by the Court
- Interest rate: 4% per annum

To the extent that the Class 6 Allowed Secured Claim is less than the total amount of the claim asserted by Nationstar, the unsecured portion of the Total Nationstar Claim will be included in Class 11 under this Plan and treated as a general unsecured claim. If the total amount of the Class 6 Allowed Secured Claim is zero dollars or less, then the lien securing the Class 6 Claim will be

7

avoided and expunged of record. The Class 6 Claim is impaired.

3.7. Class 7 Claim. The Allowed Secured claim held by Wells Fargo against the Debtor secured by the Kimble Court Property. Wells Fargo will retain its lien in the Kimble Court Property. On or before the hearing to consider confirmation of this plan the Debtor will request that the Court establish a value for the Kimble Court Property in order to determine the amount of the Class 7 Allowed Secured Claim pursuant to Section 506(a) of the Bankruptcy Code. The Debtor will repay the Class 7 claim by making a stream of payments to the holder of the Class 5 claim fully amortized over the term set forth below, as follows:

- Term: 360 months, beginning on the first day of the first full month after the effective date;
- Principal Balance: To be determined by the Court
- Interest rate: 4% per annum

To the extent that the Class 7 Allowed Secured Claim is less than the total amount of the claim asserted by Wells Fargo, the unsecured portion of the Total Wells Fargo Claim will be included in Class 11 under this Plan and treated as a general unsecured claim. The Class 7 Claim is impaired.

3.8. Class 8 Claim. The Allowed Secured claim held by Wells Fargo against the Debtor secured by a second deed of trust in the Kimble Court Property. On or before the hearing to consider confirmation of this plan the Debtor will request that the Court establish a value for the Kimble Court Property in order to determine the amount of the Class 8 Allowed Secured Claim pursuant to Section 506(a) of the Bankruptcy Code. The Debtor will repay the Class 8 claim by making a stream of payments to the holder of the Class 8 claim fully amortized over the term set forth below, as follows:

- Term: 360 months, beginning on the first day of the first full month after the effective date;

- Principal Balance: To be determined by the Court

- Interest rate: 4% per annum

To the extent that the Class 8 Allowed Secured Claim is less than the total amount of the claim asserted by Wells Fargo, the unsecured portion of the Total Wells Fargo Claim will be included in Class 11 under this Plan and treated as a general unsecured claim. If the total amount of the Class 8 Allowed Secured Claim is zero dollars or less, then the lien securing the Class 8 Claim will be avoided and expunged of record. The Class 8 Claim is impaired.

3.9.    Class 9 Claim. The Allowed Secured claim held by Great Eastern Resort Corporation against the Debtor secured by the Massanutten Timeshare. Debtor will cure the arrears under this obligation over a period of thirty-six months at an interest rate of 4% and on the first day of the first full month after the effective date will resume the regular monthly payments under the contract between the Debtor and the Class 9 claimant. The Class 9 Claim is impaired.

3.10.    Class 10 Claim. The Allowed Secured claim held by Summer Bay Resorts against the Debtor secured by the Summer Bay Timeshare. Debtor will surrender this timeshare. To the extent that Summer Bay Resorts holds an unsecured claim against the Debtor upon such surrender such unsecured claim shall be treated in Class 11 of the Plan as a general unsecured claim. The Class 10 Claim is impaired.

3.11.    Class 11 Claims. All Allowed Unsecured Claims not treated elsewhere in this plan. On the first day of the first full month after the Effective Date, the Debtor will open an account for the benefit of the holders of Class 11 Claims (the "Class 11 Account").

Beginning on the first day of the first full month after all Class 1 claims are paid in full,

but in any event not later than eighteen (18) months after the Effective Date, the Debtor will deposit the sum of $1,600 each month for sixty (60) months (the "Repayment Period") into the Class 11 Account. Such supplemental payments will be disbursed to holders of Allowed Class 11 Claims *pro rata*, with such disbursements to be made on the first day of each of calendar quarter during the Repayment Period. The Class 11 Claims are impaired.

   3.12. Class 12 Interests. The Debtor will retain all of her interest in her property. The Class 12 Interest is unimpaired

## ARTICLE IV

### EXECUTION AND IMPLEMENTATION OF THE PLAN

   4.1. The funds necessary to pay all Allowed Claims will be generated partially from the Debtor's post-confirmation earnings, partially from any rents received from real property of the estate and partially from funds on hand in the estate.

   4.2. Upon completion of payments to the holders of Class 11 claims as provided for under this Plan, the Debtor will be fully discharged of all pre-Confirmation Claims as provided in Section 1141(d) of the Code.

   4.3. Upon confirmation, property of the estate will re-vest in the Debtor free and clear of any liens, claims or encumbrances not otherwise provided for herein, and the Debtor will be fully authorized to use, sell, encumber or lease any such property without further notice to creditors or order from the Court.

## ARTICLE V

### AMENDMENTS AND MODIFICATIONS

   5.1. The Debtor reserves the right in accordance with the Code to amend and modify this Plan prior to the Confirmation Date. After the Confirmation Date, the Debtor may, upon order of the Court, in accordance with section 1127(b) of the Code, remedy any defects or

omissions or reconcile any inconsistencies in this Plan in such manner as may be necessary to carry out the purposes and intent of this Plan.

## ARTICLE VI

## EXECUTORY CONTRACTS

6.1.    Unless rejected by the Debtor prior to the Effective Date or otherwise addressed in this Plan, all Executory Contracts and Unexpired Leases will be assumed upon Confirmation.

## ARTICLE VII

## RETENTION OF JURISDICTION

The Bankruptcy Court will retain jurisdiction for the following purposes until such time as the Debtor's obligations under the Plan are fully discharged and the Court enters the final order terminating the Reorganization Case:

7.1.    Classification of a Claim and the reexamination of a Claim which may have been allowed for the purposes of voting and the determination of such objections as may be filed to Claims.  The failure by the Debtor to object to or to examine any claims for the purposes of voting will not be deemed to be a waiver of the Debtors' right to object to or to reexamine the Claims in whole or in part.  The Debtor may object to any Claim within ninety (90) days after the Confirmation Date.

7.2.    Determination of all questions or disputes regarding title to the assets of the Debtor and determination of causes of action, preferences, fraudulent conveyances, contro-versies, disputes or conflicts, whether or not subject to action pending as of the Confirmation Date, between the Debtor and any other party.

7.3.    Correction of any defect, curing of any omission or the reconciliation of any inconsistencies in this Plan, or in the order of Confirmation, as may be necessary to carry out the purposes and intent of this Plan.

7.4. Enforcement and interpretation of the terms and conditions of this Plan.

7.5. Entry of an order including injunctive relief necessary to enforce the rights, title, interests and powers of the Debtor and such limitations to, restrictions on, or terms and conditions of such rights, title, interests, and powers which the Court may deem necessary.

7.6. Entry of an order completing and terminating this Reorganization Case.

7.7. Adjudication of actions pursuant to the avoiding powers contained in Sections 544 through 553 of the Code.

7.8. Such other purposes as the Court deems necessary and reasonable to carry out the intent and objectives of this Plan.

ARTICLE VIII

MISCELLANEOUS PROVISIONS

8.1. All pre-confirmation fees payable to the United States Trustee, pursuant to 28 U.S.C. § 1930, shall be paid on or before the Effective Date of the Plan. After confirmation, the Debtor shall be responsible for timely payment of fees incurred pursuant to 28 U.S.C. § 1930; and shall file post-confirmation reports every (6) months until a final certification and report is filed as required by the applicable bankruptcy rule.

Dated: November 20, 2015

*/s/Martha Lucia Tabares*
Martha Lucia Tabares

*/s/Ronald J. Drescher*
Ronald J. Drescher
Drescher & Associates, P.A.
4 Reservoir Circle
Suite 107
Baltimore, MD 21208
(410) 484-9000
Fax (410) 484-8120
Rondrescher@drescherlaw.com

Counsel for Martha Lucia Tabares