UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re: ) | |
| ) | |
| MARTHA LUCIA TABARES, ) | Bankruptcy No. 14-14476-BFK |
| ) | |
| ) | Chapter 11 |
| Debtor. ) | |
| ) | |

**OBJECTION OF WELLS FARGO BANK, N.A.
TO THE DEBTORS' AMENDED PLAN OF REORGANIZATION**

Wells Fargo Bank. N.A., (the "Bank") by its undersigned counsel, files this Objection to the Debtors' Amended Plan of Reorganization, and in support thereof avers as follows:

**BACKGROUND**

1. Martha Lucia Tabares (the "Debtor") is an adult individual who resides at 8095 Paper Birch Drive, Lorton, Virginia 22079.

2. The Debtor filed for relief under Chapter 11 of Title 11 of the United States Code on December 3, 2014 (the "Petition Date").

3. Since the Petition Date, the Debtor has remained in possession of her assets and have acted as debtor-in-possession with all the rights and powers of a trustee pursuant to 11 U.S.C. § 1107.

Melissa M. Watson Goode, VSB #73516
Robyn D. Pepin, VSB #77784
Kelly Rae Gring, VSB #75999
Glasser and Glasser, P.L.C.
Crown Center, Suite 600
580 East Main Street
Norfolk, Virginia 23510
(757) 625-6787
Attorneys for Wells Fargo Bank. N.A.

4.   The Debtor is obligated to the Bank pursuant to an Equity Line of Credit Agreement and Disclosure Statement dated February 19, 2005 in the original principal amount of $100,000.00 (the "Note").

5.   The Note is secured by a Deed of Trust dated February 19, 2005, executed and delivered to the Bank by the Debtor (the "Deed of Trust") and granting the Bank a lien on the real property located at 5926 Kimble Court, Fall Church, VA 22041(the "Mortgaged Premises") which was recorded on March 16, 2005 at Instrument Number 2005010712009 in the Fairfax County Records.

6.   The Bank filed a secured Proof of Claim on June 3, 2015 at Claim Number 6 (the "Proof of Claim"), further Amended by a secured Proof of Claim filed on June 3, 2015 (the "Amended Proof of Claim"), in the amount of $134,219.64 plus accruing interest, plus costs, fees and expenses, including attorney fees and costs accruing and incurred both before and after the Petition Date.

7.   On August 24, 2015, the Debtor filed her Disclosure Statement ("Disclosure Statement") and Plan of Reorganization (the "Plan").

8.    On November 20, 2015, the Debtor filed an Amended Disclosure Statement ("Amended Disclosure Statement") and Amended Plan of Reorganization (the "Amended Plan").

9.   On December 20, 2015, this Honorable Court entered an Order Approving the Amended Disclosure Statement and setting a hearing on final approval of the Plan for February 2, 2016 at 1:30 p.m., with objections to the Plan due on or before January 22, 2016.

## **OBJECTION TO PLAN**

10.   Bankruptcy Code section 1129(a) provides that the Court shall confirm a plan of reorganization only if the requirements of all of the subsections of section 1129(a) are met.

Section 1129(b) further provides that, where an impaired class of claims has voted to reject a plan and all other applicable requirements of section 1129(a) are met, the plan may be confirmed only if it "does not discriminate unfairly, and is fair and equitable, with respect to each class of claims . . . that is impaired under, and has not accepted, the plan."

11. The Plan proposes to value the property and strip off or cramdown the Bank's secured claim.

12. With respect to the Bank, the Debtor's Plan provides that any portion of the Bank's claim determined to be secured by the Court's valuation shall be modified, reamortized over 360 months at an annual interest rate of 4.00%. Any remaining balance of Wells Fargo Bank N.A.'s claim will be treated as unsecured under Class 11.

13. The Debtor valued the Mortgaged Premises at $514,490.00 in her Schedules, but has not otherwise put forth any proposed valuation amount or provided any evidence of interior appraisals on the Mortgaged Premises. It is submitted that it is the Debtor's burden to prove value in this matter.

14. The Mortgaged Premises are subject to a first lien by Wells Fargo Bank, N.A. Wells Fargo Bank, N.A. filed a proof of claim in the Debtor's Chapter 11 case at Claim #7 in the amount of $479,482.10.

15. The Mortgaged Premises are subject to a second lien of Wells Fargo Bank, N.A. Wells Fargo Bank, N.A. filed a proof of claim in the Debtors' Chapter 11 case at Claim #13 in the amount of $134,219.64.

16. The total liens on the Mortgaged Premises total $613,701.74 and the Debtor's Schedules value the Mortgaged Premises at $514,490.00.

17. Accordingly, there is equity in the Mortgaged Premises for the Bank's Lien to attach and thus the Bank is at least partially secured in the approximate amount of $35,007.90.

18. Based on the Debtor's value of the Mortgaged Premises the Bank is entitled to at a minimum a secured claim in the amount of $35,007.90 and an unsecured claim to the extent that the value of the Mortgaged Premises leaves any portion of the Bank's claim without equity.

19. The Plan is not fair and equitable because it does not provide for the proper treatment of the Bank's Proof of Claim.

20. The Plan is also not fair and equitable because it does not provide that the Bank will retain its lien on the real property, nor does the Plan make any proposal regarding the payment of taxes and insurance due on the Mortgaged Premises.

## CONCLUSION

21. For the reasons set forth above and other reasons that may be shown at the hearing on confirmation, the Amended Plan of Reorganization should not be confirmed.

WHEREFORE, Wells Fargo Bank. N.A. respectfully requests that the Court deny confirmation of the Amended Plan of Reorganization and that the Court grant Wells Fargo Bank. N.A. such other relief as the court deems just and proper.

                          WELLS FARGO BANK. N.A.

                          By /s/ Melissa M. Watson Goode
                              Of Counsel

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the Objection to the Amended Plan of Reorganization was served on the following parties via email though the Court's ECF Notification System on January 22, 2016:

| Ronald J. Drescher, Attorney for Debtor<br>4 Reservoir Circle<br>Suite 107<br>Baltimore, MD 21208 | U.S. Trustee<br>Office of the U.S. Trustee<br>Region 4<br>115 South Union Street, Room 210<br>Alexandria, VA 22314 |
|---|---|

And the following parties via regular U.S. Mail:

| Martha Lucia Tabares, Debtor<br>8095 Paper Birch Drive<br>Lorton, VA 22079 | |
|---|---|

/s/ Melissa M. Watson Goode
Melissa M. Watson Goode, VSB #73516
Robyn D. Pepin, VSB #77784
Kelly Rae Gring, VSB #75999
Glasser and Glasser, P.L.C.