UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:

| | |
|---|---|
| MARTHA LUCIA TABARES, AKA MARTHA LUCIA ROBALLO | Case No. 14-14476-BFK (Chapter 11) |
| Debtor, | |
| GOLDMAN SACHS MORTGAGE COMPANY, | Ref. Dkt. #114 |
| Movant, | |
| vs. | |
| MARTHA LUCIA TABARES, AKA MARTHA LUCIA ROBALLO, and JUDY A. ROBBINS, Trustee. | |
| Respondents, | |

## CONSENT ORDER MODIFYING AUTOMATIC STAY

This matter was settled prior to the scheduled September 21, 2016 hearing on the motion for relief from the automatic stay filed by Goldman Sachs Mortgage Company ("Movant") with respect to the real property located at 8974 Birch Bay Circle, Lorton, VA 22079 and more particularly described as follows:

Lot 203, Landbay E, Section 2, LAUREL HILL, as the same is duly dedicated, platted and recorded in Deed Book 15410, page 1212, among the land records of Fairfax County, Virginia.

Kathryn Smits, Bar #77337
ksmits@atlanticlawgrp.com
Hugh J. Green, Bar #86687
hgreen@atlanticlawgrp.com
Atlantic Law Group, LLC
PO Box 2548
Leesburg, Virginia 20177
(703) 777-7101

Upon consideration of which, it is

**ORDERED:**

1.     The debtor will resume making regular monthly installment payments in the amount of $2,863.25 as they become due commencing on October 1, 2016, subject to adjustment as due under the Note.

2.     The debtor will cure the post-petition arrearage currently due to the movant for November, 2015 through September, 2016 in the total amount of $32,521.75, which includes eleven (11) post-petition payments in the amount of $2,863.25 each for the months of November, 2015 through September, 2016 and attorneys' fees and costs in the amount of $1,026.00 for the filing of the Motion for Relief from Automatic Stay by making the following payments directly to Rushmore Loan Management Services LLC, P.O. Box 514707, Los Angeles, California 90051-4707:

       $5,420.29 on or before October 15, 2016.
       $5,420.29 on or before November 15, 2016.
       $5,420.29 on or before December 15, 2016.
       $5,420.29 on or before January 15, 2017.
       $5,420.29 on or before February 15, 2017.
       $5,420.30 on or before March 15, 2017.

3.     In the event that any payment required by this order is not received by the movant within 15 days after it is due, the movant may mail a notice of default to the debtor by first class mail, postage prepaid, (and, if it desires, also by certified or registered mail) with a copy to debtor's counsel and the trustee by first class mail, postage prepaid, or by email at the same time as the notice of default is mailed to the debtor. The notice of default will state in simple and plain language:

    a.    That the debtor is in default in making at least one payment required under this order;
    b.    The dates and amount of each payment missed and any late charge or other fee necessary to cure the default;

      c.      The action necessary to cure the default, including any address to which payments must be mailed;

      d.      That the debtor or trustee must take one of the following actions within fourteen days after the date of the mailing of the notice of default:

          i.    cure the default;

          ii.   file an objection with the court stating that no default exists; or

          iii.  file an objection with the court stating any other reason why an order granting relief from the automatic stay should not be entered;

      e.      That if the debtor or trustee does not take one of the actions set forth in paragraph 3(d), the movant may file a certificate that it has complied with the terms of this order and that the court may grant relief from the automatic stay without further notice to the debtor; and

      f.      That if the automatic stay is terminated, the collateral may be sold at foreclosure.

If the debtor or trustee does not take one of the actions set forth in paragraph 3(d), the movant may submit a certificate stating that it has complied with the terms of this order and that neither the debtor nor the trustee have taken one of the actions set forth in paragraph 3(d) and may submit together with the certificate a draft order terminating the automatic stay.

If the debtor or trustee files an objection, the movant must set the matter for hearing and give notice of the hearing to the debtor, debtor's counsel and the trustee. At the hearing, the court may terminate the stay or take other action appropriate to the circumstances.

    4.    The provisions of this order with respect to regular monthly installment payments expire one year after the date of the entry of this order. In the event of the default in payment of any regular monthly installment payment due more than one year after the date of the entry of this order, the movant must obtain relief by filing a new motion for relief from stay with appropriate notice and hearing.

5. Until an order is entered terminating the automatic stay, the movant may not refuse to accept or apply payments tendered by the debtor, even if such payments are late or in an improper amount; however, acceptance of non-conforming payments is without prejudice and shall not constitute a waiver of any default.

6. The automatic stay is modified to permit the note holder or servicing agent to send the debtor payment coupons, payment statements or invoices, notices of late payment, notices of payment changes, notices of servicing transfers, or any other notice, other than a notice of acceleration or demand for payment of the entire balance, normally sent to customers in the ordinary course of business.

7. Should the debtor default pursuant to the terms contained herein, unless otherwise ordered by this court, the movant shall be entitled to reasonable attorneys' fees in the amount of $50.00 for issuance of a notice of default, certificate of non-compliance and preparation of an order terminating the automatic stay.

_____, Virginia

Oct 3 2016

/s/ Brian F. Kenney
_____
Brian F. Kenney
U.S. Bankruptcy Court Judge

WE ASK FOR THIS:

\_\_/s/ Kathryn E. Smits_____
Kathryn E. Smits, Bar #77337
Attorney for Movant
Atlantic Law Group, LLC
PO Box 2548
Leesburg, VA 20177
703 777-7101 telephone
703 940-9119 facsimile
ksmits@atlanticlawgrp.com

Entered on Docket: Oct 3 2016 mjr

\_\_/s/ Ronald J. Drescher_____
Ronald J. Drescher, Esquire
Drescher & Associates
4 Reservoir Circle, Ste 107
Baltimore, MD 21208
Attorney for the Debtor
Re: Case No. 14-14476-BFK

## CERTIFICATION

The undersigned certifies that the foregoing Consent Order Modifying Automatic Stay is substantially in compliance with Administrative Order 10-2 and the proposed Order has been served upon all necessary parties including Martha Lucia Tabares, 8095 Paper Birch Drive, Lorton, VA 22079; Ronald J. Drescher, Drescher & Associates, 4 Reservoir Circle, Ste 107, Baltimore, MD 21208; and Judy A. Robbins, Office of the U.S. Trustee - Region 4, 115 South Union Street, Room 210, Alexandria, VA 22314 on the 30 of September, 2016.

\_\_/s/ Kathryn E. Smits_____
Kathryn Smits, Esquire

The Clerk shall mail a copy of the entered Order to the following:

Kathryn Smits, Esquire
Atlantic Law Group, LLC
Attorneys for the Movant
PO Box 2548
Leesburg, Virginia 20177

Martha Lucia Tabares
8095 Paper Birch Drive
Lorton, VA 22079
Debtor

Ronald J. Drescher, Esquire
Drescher & Associates
4 Reservoir Circle, Ste 107
Baltimore, MD 21208
Attorney for the Debtor

Judy A. Robbins  
Office of the U.S. Trustee - Region 4  
115 South Union Street, Room 210  
Alexandria, VA 22314