United States Bankruptcy Court
Eastern District of Virginia
Alexandria Division

| | |
|---|---|
| In Re:<br>Martha Lucia Tabares aka Martha Lucia Roballo<br>　　　Debtor | BCN#: 14-14476-BFK<br>Chapter: 11 |

Wells Fargo Bank, N.A.
or present noteholder,
　　　Movant/Secured Creditor,
v.
Martha Lucia Tabares aka Martha Lucia Roballo
　　　Debtor
and
Judy A. Robbins, Office of the U.S. Trustee-
Region 4
　　　Trustee
　　　Respondents

### Consent Order Modifying Automatic Stay

This matter was before the court on August 16, 2017, on the motion of Wells Fargo Bank, N.A., for relief from the automatic stay with respect to the real property located at 5926 Kimble Court, Falls Church, VA 22041 and more particularly described as follows:

> ALL THAT CERTAIN REAL PROPERTY SITUATED IN THE COUNTY OF FAIRFAX STATE OF VIRGINIA****** DESCRIBED AS FOLLOWS
>
> Lot Numbered TWENTY-THREE (23), CONGRESSIONAL ACRES, as the same appears duly dedicated, platted, and recorded in Deed Book 1968, at Page 637, among the Land Records of Fairfax County, Virginia

Lindsey C. Kelly, Esquire
VSB #71314
Gregory N. Britto, Esquire
VSB #23476
William M. Savage, Esquire
VSB #06335
Malcolm B. Savage, III, Esquire
VSB #91050
Thomas J. Gartner, Esquire
VSB #79340
Shapiro & Brown, LLP
501 Independence Parkway, Suite 203
Chesapeake, Virginia 23320
(757) 687-8777
15-248824

Upon consideration of which, it is **ordered:**

1. The debtor will resume making regular monthly installment payments in the amount of $3,637.97 as they become due commencing on 08/01/17.

2. The debtor will cure the post-petition arrearage currently due to the movant through 07/01/17 in the total amount of $21,383.33, which includes payments from February 1, 2017 to July 1, 2017 in the amount of $3,637.97 each, less funds in debtor suspense in the amount of $444.49, by making the following payments:

    a.  $3,564.00  on or before 08/15/17
    b.  $3,564.00  on or before 09/15/17
    c.  $3,564.00  on or before 10/15/17
    d.  $3,564.00  on or before 11/15/17
    e.  $3,564.00  on or before 12/15/17
    f.  $3,563.33  on or before 01/15/18

3. It is further ordered and agreed that in the event that any payment required by this order is not received by the movant within 15 days after it is due, the movant may mail a notice of default to the debtor by first class mail, postage prepaid, (and, if it desires, also by certified or registered mail) with a copy to debtor's counsel and the trustee by first class mail, postage prepaid, or by email at the same time as the notice of default is mailed to the debtor. The notice of default will state in simple and plain language:

    a. That the debtor is in default in making at least one payment required under this order;
    b. The date and amount of each payment missed and any late charge or other fees necessary to cure default;
    c. The action necessary to cure the default, including any address to which payments must be mailed;
    d. That the debtor or trustee must take one of the following actions within fourteen days after the date of the mailing of the notice of default:
        i. Cure the default
        ii. File an objection with the court stating that no default exists; or
        iii. File an objection with the court stating any other reason why an order granting relief from the automatic stay should not be entered;
    e. That if the debtor or trustee does not take one of the actions set forth in paragraph 3(d), the movant may file a certificate that it has complied with the terms of this order and that

     the court may grant relief from the automatic stay without further notice to the debtor; and;
  f. That if the automatic stay is terminated, the collateral may be sold at foreclosure.

  If the debtor or trustee does not take one of the actions set forth in paragraph 3(d), the movant may submit a certificate stating that it has complied with the terms of this order and that neither the debtor nor the trustee has taken one of the actions set forth in paragraph 3(d) and may submit together with the certificate a draft order terminating the automatic stay.

  If the debtor or trustee files an objection, the movant must set the matter for hearing and give notice of the hearing to the debtor, debtor's counsel and the trustee. At the hearing, the court may terminate the stay or take other action appropriate to the circumstances.

  4. The provisions of this order with respect to regular monthly installment payments expire one year after the date of the entry of this order. In the event of the default in payment of any regular monthly installment payment due more than one year after the date of the entry of this order, the movant must obtain relief by filing a new motion for relief from stay with appropriate notice and hearing.

  5. Until an order is entered terminating the automatic stay, the movant may not refuse to accept or apply payments tendered by the debtor, even if such payments are late or in an improper amount; however, acceptance of non-conforming payments is without prejudice and shall not constitute a waiver of any default.

  6. The automatic stay is modified to permit the note holder or servicing agent to send the debtor payment coupons, payment statements or invoices, notices of late payment, notices of payment changes, notices of servicing transfers, or any other notice, other than a notice of acceleration or demand for payment of the entire balance, normally sent to customers in the ordinary course of business.

  7. Should the Debtor default pursuant to the terms herein contained, unless otherwise ordered by this court, the Movant shall be entitled to reasonable attorneys fees in the amount of $50.00 for issuance of a notice of default, and an additional $200.00 for issuance of a certificate of default and preparation of an order terminating the automatic stay.

Aug 23 2017
_____
Date

/s/ Brian F. Kenney
_____
The Honorable Judge Brian F. Kenney
United States Bankruptcy Judge

Notice of Judgment or
Order Entered on Docket  August 24, 2017

I ask for this:

/s/ Malcolm B. Savage, III
_____
Lindsey C. Kelly, Esquire
Gregory N. Britto, Esquire
Malcolm B. Savage, III, Esquire
William M. Savage, Esquire
Thomas J. Gartner, Esquire
Counsel for Movant

Seen & Agreed:

/s/ RONALD J. DRESCHER
_____
RONALD J. DRESCHER, Counsel for Debtor(s)


I certify that I have served the proposed Order upon all necessary parties to the action by first class mail, postage prepaid, on the __21st___ day of _____August_____, 2017.

/s/ Malcolm B. Savage, III
_____
Lindsey C. Kelly, Esquire
Gregory N. Britto, Esquire
Malcolm B. Savage, III, Esquire
William M. Savage, Esquire
Thomas J. Gartner, Esquire
Counsel for Movant

       Copies are to be sent to:

Shapiro & Brown, LLP
501 Independence Parkway, Suite 203
Chesapeake, Virginia 23320

RONALD J. DRESCHER
DRESCHER & ASSOCIATES
4 RESERVOIR CIRCLE

SUITE 107
BALTIMORE, MD 21208

Judy A. Robbins
Office of the U.S. Trustee-Region 4
115 South Union Street, Room 210
Alexandria, VA 22314

Martha Lucia Tabares
8095 Paper Birch Drive
Lorton, VA 22079

20 Largest Unsecured
Creditors on the Mailing Matrix


**<u>CERTIFICATION</u>**

     The undersigned certifies that the foregoing Consent Order Modifying Automatic Stay is identical to the form order required by Administrative Order 10-2 and that no modification, addition, or deletion has been made.

     /s/ Malcolm B. Savage, III

_____
Lindsey C. Kelly, Esquire
Gregory N. Britto, Esquire
Malcolm B. Savage, III, Esquire
William M. Savage, Esquire
Thomas J. Gartner, Esquire
Attorney for Movant

**CERTIFICATION**

      Pursuant to Local Rule 9022-1(C), I hereby certify that all necessary parties have endorsed the above order.

      /s/ Malcolm B. Savage, III

_____
Lindsey C. Kelly, Esquire
Gregory N. Britto, Esquire
Malcolm B. Savage, III, Esquire
William M. Savage, Esquire
Thomas J. Gartner, Esquire
Attorney for Movant

15-248824